UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
at KNOXVILLE

| | |
|---|---|
| TERRY WAYNE YOUNG, ) | |
| ) | |
| *Petitioner*, ) | |
| ) | |
| v. ) | No.: 3:08-cv-106 |
| ) | (VARLAN/GUYTON) |
| STATE OF TENNESSEE, ) | |
| ) | |
| *Respondent*. ) | |

## MEMORANDUM OPINION

This is a *pro se* petition for the writ of habeas corpus pursuant to 28 U.S.C. § 2254. The matter is before the court on the motion to dismiss filed by the Attorney General for the State of Tennessee, on behalf of the respondent, and petitioner's response thereto. For the following reasons, the motion to dismiss [Doc. 7] will be **GRANTED** and this action will be **DISMISSED**.

Petitioner Terry Wayne Young ("Young") challenges his 1984 Roane County, Tennessee, convictions for second degree murder and jail escape. The Attorney General moves to dismiss the habeas corpus petition as untimely.

Young pleaded guilty to second degree murder and jail escape on August 28, 1984. He subsequently filed a petition for post-conviction relief, which was dismissed after an evidentiary hearing and the Tennessee Court of Criminal Appeals affirmed. *State v. Young*, C.C.A. No. 170, 1989 WL 275 (Tenn. Crim. App. Jan. 6, 1989). Young filed the pending federal habeas corpus petition on March 17, 2008.

Prior to the enactment of the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), the only time constraint for a state prisoner to file a § 2254 habeas corpus petition was if the respondent had been prejudiced in responding to the petition because of the delay in filing. As a result of the AEDPA, however, state prisoners now have one year in which to file a §2254 petition.

Section 101 of the AEDPA amended 28 U.S.C. § 2244 to provide that "[a] 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court." 28 U.S.C. § 2244(d)(1). The limitation period generally runs from the date the petitioner's appeals were final. *Id*. § 2244(d)(2). Because petitioner's sentence was imposed prior to the AEDPA, the time for filing a § 2254 motion in his case expired April 24, 1997, which was one year from the effective date of the AEDPA. *Carey v. Saffold*, 536 U.S. 214, 217 (2002).

In response to the motion to dismiss, Young argues that he filed a motion to reopen his post-conviction proceedings in 2005, and has provided the court with copies of the documents concerning that motion. [Doc. 10, Exhibits B-G]. The motion to reopen was denied, the Tennessee Court of Criminal Appeals affirmed the denial, and, on May 14, 2007, the Tennessee Supreme Court denied Young's application for permission to appeal. Young also, in 2001, filed a petition for writ of error coram nobis [*id*., Exhibit A], which was presumably denied.

2

It is true that "[t]he time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection." 28 U.S.C. § 2244(d)(2). However, a pending post-conviction petition merely tolls, rather than resets, the one-year statute of limitation. *See Payton v. Brigano*, 256 F.3d 405, 406 (6th Cir. 2001).

In this case, the petition for writ of error coram nobis and the motion to reopen post-conviction proceedings were filed after the expiration of the statute of limitation and thus could not serve to toll the limitation period. *See Elliott v. Dewitt*, 10 Fed.Appx. 311, 313, 2001 WL 523527 *2 (6th Cir. 2001). Furthermore, the motion to reopen post-conviction proceedings did not "cause the statute [of limitation] to begin running anew when the state court denied the motion." *Searcy v. Carter*, 246 F.3d 515, 519 (6th Cir. 2001).

Young filed his petition for the writ of habeas corpus over eleven years after the expiration of the statute of limitation and thus the petition is time-barred. The motion to dismiss will be **GRANTED**. The petition for habeas corpus relief will be **DENIED** and this action **DISMISSED**. Rule 4 of the Rules Governing Section 2254 Cases In The United States District Courts. A certificate of appealability **SHALL NOT ISSUE**. 28 U.S.C. § 2253(c); Rule 22(b) of the Federal Rules of Appellate Procedure. The court will **CERTIFY** that any appeal from this action would not be taken in good faith and would be totally

3

frivolous.  *See* Rule 24 of the Federal Rules of Appellate Procedure.  The court will further **DENY** Young leave to proceed *in forma pauperis* on appeal.

**AN APPROPRIATE ORDER WILL ENTER.**

<pre>                                   s/ Thomas A. Varlan            
                                   UNITED STATES DISTRICT JUDGE</pre>

4